JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698          E-FILED:  **6/24/10**
  E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
  E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
  E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff  NOTE: CHANGES MADE BY THE COURT
CJ PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CJ PRODUCTS, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>  vs.<br><br>NARAS, LLC, a Illinois Limited Liability Company; and Does 1-25, Inclusive,<br><br>    Defendants. | Case No. CV 10-03020 GHK (RZx)<br>(Assigned to Hon. George H. King)<br><br>**[~~PROPOSED~~] ORDER FOR ENTRY OF PRELIMINARY INJUNCTION AGAINST DEFENDANT NARAS, LLC** |

   The Court, pursuant to the Stipulation For Entry of Permanent Injunction, between Plaintiff CJ PRODUCTS, LLC ("Plaintiff") on the one hand, and Defendant NARAS, LLC ("Defendant"), on the other, hereby ORDERS the Entry of a Preliminary Injunction against Defendant as follows:

1.     **PRELIMINARY INJUNCTION.**  For a period of 90 days from the date of this Order, Defendant and any person or entity acting in concert with, or at the direction of it, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which it may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   a.     copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's trademarks registered under U.S. Reg. Nos. 3762061, 3762062, 77940244, 77919743, 77387634, and 77919764, and copyrights registered under Certificate of Registration numbers VA001674376, VA0001674366, VA0001674373, VA0001678146, VA0001674379, VA0001678132, VA0001674372, VA001674368, VA0001678130, VA0001674374, VA0001678138, VA0001674377, VA0001679223, VA0001678144, VA0001674371, VA0001678140, VA0001678142, VA0001674364, VA0001679221, VA0001674365, VA0001665417, VA0001665418, VA0001674375, VA0002674370, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's registered trademarks and copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   b.     performing or allowing others employed by or representing it, or under its control, to perform any act or thing which is likely to unlawfully

injure Plaintiff, any Plaintiff's registered trademarks and copyrights, and/or Plaintiff's business reputation or goodwill;

    c.    engaging in any acts of federal and/or state trademark and/or copyright infringement, false designation of origin, unfair competition, dilution, or other act which would tend to unlawfully damage or injure Plaintiff;

    d.    destroying, relocating, selling, or otherwise disposing of:

        i) any items bearing Plaintiff's registered trademarks and copyrights and/or any product that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's registered trademarks and copyrights;

        ii) any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiff's registered trademarks and copyrights;

        iii) any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing any of Plaintiff's registered trademarks and copyrights; and

        iv) customer journals, ledgers, invoices, purchase orders, inventory control documents, and catalogs, reasonably believed to reflect or reveal the manufacture, purchase, advertising, sale or offering for sale of any products bearing Plaintiff's registered trademarks and copyrights.

    2.    **PERSERVATION OF EVIDENCE.** Defendant SHALL preserve during the pendency of this action:

    a.    any items bearing Plaintiff's registered trademarks and copyrights and/or any product that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's registered trademarks and copyrights;

   b. any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiff's registered trademarks and copyrights;

   c. any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing any of Plaintiff's registered trademarks and copyrights; and

   d. customer journals, ledgers, invoices, purchase orders, inventory control documents, and catalogs, reasonably believed to reflect or reveal the manufacture, purchase, advertising, sale or offering for sale of any products bearing Plaintiff's registered trademarks and copyrights.

 3. ~~The Court finds there is no just reason for delay in entering this Preliminary Injunction and, pursuant to Rule 65(a) & (b) of the *Federal Rules of Civil Procedure*,~~ the Court directs immediate entry of this Preliminary Injunction against Defendant Naras, LLC.

 4. As agreed to by the Parties in their Stipulation for Entry of a Preliminary Injunction, and due to the Parties' pending settlement discussions, the Court finds good cause not to require Plaintiff to post a bond for the entry of this Preliminary Injunction.

 5. This Preliminary Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

IT IS SO ORDERED.

DATE: 6/24/10       _____
               The Honorable George H. King,
               District Court Judge for the United States District Court for the Central District of California